**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YOLDAS ASKAN,**

        **Plaintiff,**

v.                                              **Case No: 6:23-cv-920-PGB-DCI**

**FARO TECHNOLOGIES, INC.,**

        **Defendant.**

**ORDER**

## I. Background

Before the Court are Defendant's Motion for Leave to File Under Seal (Doc. 16; the Motion to Seal) and Plaintiff's various motions which are collateral to the Motion to Seal. Docs. 44; 46; 51; 53 (the Collateral Motions).

In the Motion to Seal, Defendant seeks to seal the entirety of the original Complaint (Doc. 1) and to file a redacted version of that Complaint on the public docket. Doc. 16. Defendant has also attached redacted exhibits to the Motion to Seal and seeks to file sealed, unredacted versions of those exhibits. *Id.* Finally, Defendant seeks leave to file a forthcoming motion to strike under seal and to file a redacted version of that motion on the public docket. *Id.*

In the Collateral Motions, Plaintiff seeks leave to file a transcript of a recording of pre-suit settlement discussions between the parties. Docs. 44; 46; 51; 53. Plaintiff seeks an extension of time to respond to the Motion to Seal and to Defendant's more recently filed motion to seal (Doc. 45). Doc. 46. Plaintiff seeks to consolidate both of Defendant's pending motions to seal. *Id.* And Plaintiff seeks leave to file a reply to Defendant's response to one of his motions. Doc. 51; 53.

## II.     The Motion to Seal

Filing documents under seal with the Court is governed by Local Rule 1.11, which provides as follows:

> (c) FILING UNDER SEAL IF NOT AUTHORIZED BY A STATUTE, RULE, OR ORDER. If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal:
>
> (1) must include in the title "Motion for Leave to File Under Seal";
>
> (2) must describe the item proposed for sealing;
>
> (3) must state the reason:
>   (A) filing the item is necessary,
>   (B) sealing the item is necessary, and
>   (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
>
> (4) must propose a duration of the seal;
>
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
> (6) must include a legal memorandum supporting the seal; but
>
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c). "No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted." Local Rule 1.11(f).

As an initial matter, the Motion to Seal is unopposed. Plaintiff received an extension of time until July 13, 2023 to respond to the Motion to Seal. Doc. 40. That deadline has passed, and Plaintiff has not responded to the Motion to Seal. While Plaintiff has sought another extension of time to respond to the Motion to Seal, Doc. 46, a pending motion for an extension does not toll the response deadline. Because Plaintiff did not timely respond to the Motion to Seal, the Motion to Seal is unopposed. The Court routinely grants motions that are unopposed. *See, e.g., Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) ("Based upon Plaintiff's

failure to respond to Defendant's motion, the Court proceeds on the basis that Plaintiff does not oppose any of the relief requested by Defendant.").

Defendant has also satisfied the requirements of Local Rule 1.11(c). Defendant seeks to redact portions of the original Complaint which reference or otherwise divulge the contents of pre-suit settlement discussions between the parties. Taken as unopposed, these redactions are appropriate. Similarly, Defendant's request to file a forthcoming motion to strike under seal and to file a redacted version of that motion on the public docket is appropriate; Defendant asserts that it is "necessary to discuss the confidential information from these other documents in that motion." Doc. 16 at 5. So, the Motion to Seal is granted as to those requests. However, Defendant's request to file sealed, unredacted versions of the exhibits attached to the Motion to Seal is denied as moot; it is not "necessary" for the Court to review those unredacted exhibits to rule on the Motion to Seal. Local Rule 1.11(c).

Finally, the Court notes that it is unclear how the pre-suit settlement discussions are in any way relevant to this case. Further, Plaintiff has failed to follow Local Rule 1.11(d)'s procedure for filing another person's confidential item; Defendant informed Plaintiff that it considered those pre-suit settlement discussions confidential. Doc. 16-1 at 5–6; Local Rule 1.11(d) ("To file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file instead of the item a placeholder[.]"). Plaintiff has been warned time and time again that he must comply with the Local Rules of this Court. *E.g.,* Doc. 34. Plaintiff's failure to comply with Local Rule 1.11(d) is another basis for granting the Motion to Seal.

In sum, the Motion to Seal is granted in part and denied as moot in part.

### III. The Collateral Motions

Plaintiff's requests to file the transcript of pre-suit settlement discussions between the parties are denied. Docs. 44; 46; 51; 53. The Court has already denied this request once. Doc. 40. ("Plaintiff is not granted leave to submit a transcription of the recording of the March 26, 2023 meeting, as he has provided no legal basis for his request."). And as before, Plaintiff still has not identified any sufficient legal basis to submit a transcript of the parties' pre-suit settlement discussions—which discussions are, again, of questionable relevance at best. Docs. 44; 46; 51; 53.

Plaintiff's request for an extension of time to respond to the Motion to Seal is denied, Plaintiff has not shown good cause for another extension. Doc. 46. Plaintiff's request to consolidate both of Defendant's motions to seal is denied, Plaintiff has not identified a sufficient basis to consolidate these motions. *Id.* Plaintiff also did not confer regarding these requests, Doc. 46 at 6, so these requests are also denied due to Plaintiff's failure to comply with Local Rule 3.01(g).

Plaintiff's request for an extension of time until August 1, 2023, to respond to Defendant's more recently filed motion to seal (Doc. 45) is granted as unopposed. Doc. 46; s*ee* Doc. 52 at 4 n.3. Plaintiff's requests to file a reply are denied as moot, as the underlying motion (Doc. 44) has been ruled upon. Docs. 51; 53. The Collateral Motions are denied in all other respects.

### IV. Conclusion

Accordingly, it is **ORDERED** that:

1) The Motion to Seal (Doc. 16) is **GRANTED in part and DENIED as moot in part**, such that:

    a. The Clerk is directed to place the original Complaint (Doc. 1) under **SEAL**;

    b. Defendant shall file the redacted version of the original Complaint (Doc. 16-2) as a standalone docket entry;

    c. Defendant has leave to file a motion to strike under seal, and to file a redacted version of that motion on the public docket;

    d. The documents shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted. *See* Local Rule 1.11(f);

    e. Defendant's request to file sealed, unredacted exhibits attached to the Motion to Seal is **DENIED as moot**; and

    f. The Motion to Seal (Doc. 16) is **DENIED** in all other respects.

2) The Collateral Motions (Docs. 44; 46; 51; 53) are **GRANTED in part, DENIED in part, and DENIED as moot in part** as follows:

    a. **On or before August 1, 2023**, Plaintiff shall respond to Defendant's Emergency Motion for Leave to File Under Seal and for Attorneys' Fees (Doc. 45);

    b. Plaintiff's requests to file a reply (Docs. 51; 53) are **DENIED as moot**; and

    c. The Collateral Motions (Docs. 44; 46; 51; 53) are **DENIED in all other respects**.

**ORDERED** in Orlando, Florida on July 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties