# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLDAS ASKAN,**

      **Plaintiff,**

v.                                                     **Case No: 6:23-cv-920-PGB-DCI**

**FARO TECHNOLOGIES, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Motion to Stay (Doc. 48 (the "**Motion**")).[1] Upon consideration, the Motion is due to be granted.

This suit is the third time initiated by Plaintiff Yoldas Askan against Defendant FARO Technologies, Inc. ("**Defendant**") in this Court, each time alleging related patent infringement claims. *See Askan v. FARO Technologies, Inc.*, 6:18-cv-1122 ("Askan I"); *Askan v. FARO Technologies, Inc.*, 6:21-cv-1366 ("*Askan II*"). In both prior cases, the Court dismissed Plaintiff's claims with prejudice, and both of those rulings were affirmed on appeal. *Askan v. FARO Techs., Inc.*, 809 F. App'x 880, 883–84 (Fed. Cir. 2020); *Askan v. FARO Techs., Inc.*, No. 2022-2117, 2023 WL 4101351, at *1 (Fed. Cir. Jun. 21, 2023). Defendant plans to seek a

---

[1] The Court does not require a response from Plaintiff to resolve the instant Motion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that a district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

*Martin-Tringona* injunction (the "**Potential Injunction**") in *Askan II* such that Plaintiff would be prevented from pursuing related infringement actions without first complying with certain preconditions and prior Court orders. (Doc. 48, p. 2). Consequently, Defendant requests the Court stay the instant case in lieu of its plans to seek the Potential Injunction. (*Id.*). For the following reasons, the Court agrees with Defendant that a stay is warranted.

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether a stay is appropriate, the court should consider factors such as whether the stay would unduly prejudice the non-moving party, whether hardship or inequity would result to the moving party absent the stay, whether the stay would simplify or resolve the proceedings, and the stage of the proceedings at which the stay is requested. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). This includes weighing whether granting a stay would further judicial economy as well as to minimize needless time and effort expended by the litigants. *See Connor v. Sec'y, Fla. Dept. of Corrs.*, 713 F.3d 609, 623 (11th Cir. 2013).

Defendant asserts and the Court agrees that Plaintiff asserts infringement claims in the present action based on the same two patents he asserted in *Askan I* and *Askan II*. (Doc. 48, p. 2). As such, if the Court grants the Potential Injunction,

2

then the time and effort expended here without a stay may be entirely needless. (*Id.* at p. 7). Moreover, the Court finds such a stay would not unduly prejudice Plaintiff, his already voiced objections notwithstanding. (*Id.* at p. 8). While the Court takes no position at this time as to how it will rule in such a motion seeking the Potential Injunction, it agrees a stay is thus warranted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion (Doc. 48) is **GRANTED**;
2. This action is **STAYED** until 45 days after the resolution of Defendant's forthcoming motion seeking the Potential Injunction in *Askan II*.

**DONE AND ORDERED** in Orlando, Florida on July 24, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3