UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YOLDAS ASKAN,**

               **Plaintiff,**

v.                                                                        Case No: 6:23-cv-920-PGB-DCI

**FARO TECHNOLOGIES, INC.,**

               **Defendant.**

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Consolidated Motion to Dismiss the Amended Complaint and to Strike (Doc. 47)** |
| **FILED:** | **July 13, 2023** |

**THEREON** it is **Recommended** that the motion be **GRANTED.**

**I.    Background**

This is the third action initiated by Plaintiff against Defendant FARO Technologies, Inc. (Defendant), and in each case Plaintiff has alleged related patent infringement claims. *See Askan v. FARO Technologies, Inc.*, 6:18-cv-1122 (Askan I); *Askan v. FARO Technologies, Inc.*, 6:21-cv-1366 (Askan II). In the two prior cases, the Court dismissed Plaintiff's claims with prejudice, and the Federal Circuit affirmed both of those rulings. *Askan v. FARO Techs., Inc.*, 809 F. App'x 880, 883-84 (Fed. Cir. 2020); *Askan v. FARO Techs., Inc.*, No. 2022-2117, 2023 WL 4101351, at *1 (Fed. Cir. Jun. 21, 2023).

Here, Plaintiff filed his Amended Complaint (the Complaint for purposes of this Report) on June 29, 2023. Doc. 42. Thereafter, Defendant filed a consolidated motion to dismiss the Complaint and to strike. Doc. 47 (the Motion). Plaintiff filed a response in opposition to the Motion. Doc. 56. The undersigned recommends that the Motion be granted.

## II. Plaintiff's Allegations

As in the two previous cases, Plaintiff alleges that Defendant has infringed on two United States patents that name Plaintiff as the inventor: the '841 patent and the '255 patent (collectively, the patents). In Count I of the Complaint, Plaintiff alleges direct infringement of the '841 patent by Defendant. Doc. 42 at 38. In Count II of the Complaint, Plaintiff alleges direct infringement of the '255 patent by Defendant. *Id.* at 39. In Counts III and IV of the Complaint, Plaintiff alleges infringement by equivalents of the '841 patent and the '255 patent, respectively. *Id.* at 40-41. In Counts V and VI of the Complaint, Plaintiff alleges inducement of infringement of the '841 patent and the '255 patent, respectively. *Id.* at 42-44. Plaintiff's claims arise under 35 U.S.C. § 271. *Id.* at 1.

## III. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss the Complaint. Doc. 47. To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679. "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

To survive a Rule 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege facts sufficient to place "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020) ("Allegations of direct infringement are subject to the pleading standards established by [*Twombly* and *Iqbal*].").

35 U.S.C. § 271 creates liability for three types of patent infringement: (1) direct infringement, (2) induced infringement, and (3) contributory infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Under § 271(a), direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." Section 271(b) addresses induced infringement and provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."

A claim for direct patent infringement requires a plaintiff to satisfy five elements: "to (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000)).

As for the first element, Plaintiff sufficiently alleges ownership of the patents at issue. Doc. 42 at 16. The second element—naming each defendant—is also satisfied, as Plaintiff clearly identifies Defendant as the accused infringer. *Id.* at 33-34. Likewise, Plaintiff satisfies the third element by citing the patents allegedly infringed—the '841 and '255 patents. *Id.* at 38-44. However, Plaintiff fails to sufficiently allege in the Complaint the means by which Defendant allegedly infringes those patents, and therefore fails to satisfy the fourth element of a properly pled direct infringement claim.

In the Complaint, Plaintiff names four products that allegedly infringe upon the patents: "FARO Sphere," "Focus Premium Laser Scanner," "Focus Core Laser Scanner," and "Stream." Doc. 42 at 32-33. Yet Plaintiff's factual allegations regarding the means by which Defendant allegedly infringes are confined to just a few paragraphs in the Complaint. First, in the "Facts" section of the Complaint, Plaintiff alleges that:

> 192. Therefore, FARO products identified in this lawsuit infringe on Askan patents because a raw data collected by FARO Focus Premium and FARO Focus Core are displayed as smooth point cloud surface in the FARO Stream app and FARO Sphere environments.
>
> 193. FARO's introduction of new products identified in this lawsuit since the dismissal of the case 6:21-cv-01366 is therefore the cause of action of this complaint

Doc. 42 at 33-34.  Then, in Count I of the Complaint, Plaintiff alleges that "FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe . . . at least claim 1 of the '841 Patent." *Id.* at 38.  And in Count II of the Complaint, Plaintiff similarly alleges that "FARO makes, uses, sells, offers to sell and/or imports into the United states for subsequent sale or use products, services, methods or processes that directly infringe . . . at least claim 1 of the '255 patent." *Id.* at 39.

Without more, these conclusory allegations are simply insufficient.[1]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Indeed, Plaintiff fails to describe how the four named products directly infringe "at least claim 1" of each patent.  Doc. 42 at 38-44.  "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  Here, Plaintiff does even less, failing to describe how any of the products infringe upon any element of a claim.  So, the allegations in the Complaint are insufficient to give Defendant fair notice of what activity stands accused of infringement.  *See K-Tech Telecomms.*, 714 F.3d at 1284; *see, e.g., Blue Water*

---

[1] In Plaintiff's Response (Doc. 56), he attaches a "claims chart" that he asserts alleviates any alleged deficiencies in the Complaint.  However, "[a] court's review on a motion to dismiss is limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  And the claims chart is not referred to in the Complaint.  *Id*. ("A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims.").  Thus, the Court rejects consideration of that claims chart and any evidence outside the four corners of the Complaint in considering the Motion and will not, by considering such evidence, convert the Motion to a motion for summary judgment.  *See* Fed.R.Civ.P. 12(d); *Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023) ("If the parties present, and the court considers, evidence outside the pleadings, the motion to dismiss generally must be converted into a motion for summary judgment."); *see also Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1359 (Fed. Cir. 2023) ("Because this is a procedural issue not unique to patent law, we look to the law of the applicable regional circuit . . .").

*Innovations, LLC v. Fettig*, 2019 WL 1904589, *2 (S.D. Fla. Mar. 8, 2019) (dismissing complaint which failed to name a single claim in the patents, "let alone describe how the Defendants' product infringes on any of the elements of these claims"); *Glob. Tech Led, LLC v. Every Watt Matters, LLC*, 2016 WL 6682015, *3 (S.D. Fla. May 19, 2016) ("Although Plaintiff's allegations 'generally describe' the Accused Products and refer to the '424 patent claims . . . Plaintiff does not sufficiently tie any specific operation to a patent claim, relying instead on the 'bare assertion' that Defendants infringe through the 'making, using, selling, or offering for sale, one or more of the Accused Products.'") (citations omitted). Accordingly, in the Complaint, Plaintiff fails to adequately allege a direct patent infringement claim.

As for Plaintiff's other infringement claims—Counts III through VI—inducement claims require a predicate finding of direct infringement in order to be actionable. *See Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008) (citing *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007)); *see also In re Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'") (citation omitted). Since Plaintiff's direct infringement claims are insufficiently pled, the additional infringement claims fail because there is no underlying act of direct infringement. Accordingly, Plaintiff's claims fail to meet the pleading requirements and the undersigned recommends the Complaint should be dismissed in its entirety on that basis.

### IV. Motion to Strike

The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Striking a pleading is a drastic remedy that is generally disfavored by courts. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th

Cir. 1962); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).  As such, motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

Defendant argues that the Court should strike certain confidential settlement information from the pleadings.  Doc. 56 at 14.  Defendant contends that Plaintiff included confidential settlement allegations in the Complaint.  *See id.* (citing Doc. 42, ¶¶ 77-82, 84, 89-90, 92-98, and 105-106).  Defendant notes that the parties entered into a confidentiality agreement encompassing the parties' settlement discussions.  Doc. 16-1.

First, Defendant relies upon a ruling by the Federal Circuit in Askan II.  There, the Federal Circuit noted the following:

> After initial briefing, Mr. Askan filed a Memorandum in Lieu of Oral Argument, ECF No. 44. FARO subsequently filed a Motion to Strike, ECF No. 47, to remove Mr. Askan's filing from the docket and replace that filing with a redacted version, and Mr. Askan filed a Response to the Motion, ECF No. 54. The portion of Mr. Askan's Memorandum that FARO seeks to redact refers to information that is outside of the record on appeal and that undermines the strong policy interest in keeping the contents of settlement negotiations confidential. *See* Fed. R. App. P. 10(a)(1) (stating the record on appeal contains "the original papers and exhibits filed in the district court"). In addition, Mr. Askan fails to establish how the information is material to the dispositive issues on appeal. We therefore grant FARO's Motion to Strike.

*Askan*, 2023 WL 4101351, at *5 n.4.  But because it appears to the undersigned that the ruling was unique to and intertwined with the Federal Rule of Appellate Procedure cited by the Circuit, the undersigned is not persuaded that the Federal Circuit's decision in Askan II dictates that the Court strike Plaintiff's pleadings here. Though the undersigned certainly agrees that there also exists here a "strong policy interest in keeping the contents of settlement negotiations confidential." *Id*.

Second, Defendant relies on Federal Rule of Evidence 408 to strike material from the pleadings. Under Rule 408, evidence of a compromise of a disputed claim or conduct or a statement made during compromise negotiations about a disputed claim is inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). In support, Defendant cites to a district court that stated the following:

> Courts have used Rule 12(f) to strike allegations from complaints that detail settlement negotiations within the ambit of Rule 408. *See, e.g.*, *Philadelphia's Church of Our Savior v. Concord Township*, No. Civ. A. 03-1766, 2004 WL 1824356, * 2 (E.D.Pa. July 27, 2004) ("While Rule 408 does not apply to pleadings directly, repeated decisions from this Court have held that allegations in a complaint may be stricken, under Rule 12(f), as violative of these policies"); *United States ex rel. Alasker v. CentraCare Health Systems, Inc.*, Civ. A. No. 99-106, 2002 WL 1285089, * 2 (D. Minn. June 5, 2002) ("Under Rule 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability.... Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408"); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y.1992) (granting defendant's motion to strike portions of a complaint that referenced settlement discussions under Rule 408 as immaterial and potentially prejudicial); *Agnew v. Avdin Corp.*, Civ. A. No. 88-3436, 1988 WL 92872, * 4 (E.D.Pa. Sept.6, 1988) (striking parts of a complaint pursuant to Rule 408 because they referenced settlement negotiations for the purpose of showing liability).

*Stewart v. Wachowski*, 2004 WL 5618386, at *2 (C.D. Cal. Sept. 28, 2004). No other legal support—and certainly none binding or within the Eleventh Circuit—is provided to support the proposition that the Court should strike material from a pleading based solely on Rule 408. And even in *Stewart*, the court ultimately denied the request to strike under Rule 408, finding the request premature and considering "the uncertainties that exist regarding the admissibility of [the settlement] statements, the disfavored status of motions to strike, and the absence of any allegations by defendants that they are prejudiced by the presence of these statements in the

complaint." *Id*. at *6.  And while there are significant allegations of prejudice here, the Court need not strike the pleadings based solely on Rule 408, because other bases currently exist for striking.

Specifically, Defendant argues that the Court should strike the pleadings because Plaintiff failed to comply with Local Rule 1.11(d).  Doc. 56 at 18-20; Local Rule 1.11(d) ("To file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file instead of the item a placeholder[.]").  It appears without question that Plaintiff violated Local Rule 1.11(d), as Plaintiff was aware of the parties' confidentiality agreement and of Defendant's position concerning the confidentiality of the settlement discussions described in the Complaint, and knowing Defendant's position and the plausibility of sealing (at least due to the Federal Circuit's ruling),[2] Plaintiff nonetheless filed the Complaint on the public docket without following the Local Rule.  Plaintiff's violation of Local Rule 1.11(d) necessitates striking the information form the pleadings, and does so even without reference to Federal Rule of Civil Procedure 12(f), as the Court may issue orders enforcing compliance with its Local Rules.  *See, e.g.*, *Ramchandani v. Sanghrajka*, No. 22-11701, 2022 WL 16549470, *2 (11th Cir. Oct. 31, 2022) (affirming the dismissal of a *pro se* complaint without prejudice where a plaintiff failed to file a "Notice of a Related Action" as required by Local Rule and citing Fed. R. Civ. P. 41(b)).

As an additional and alternative basis, the referenced portions of the pleadings are due to be stricken under Rule 12(f) without specific reference to the Local Rule or Rule 408, as the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

---

[2] The Federal Circuit issued the referenced opinion on June 21, 2023.  Plaintiff filed the operative Complaint on June 29, 2023.  Though Plaintiff was indisputably aware by at least June 7, 2023 that Defendant deemed the settlement discussions confidential.  *See* Doc. 16 (Defendant's Emergency Motion to Seal).

Fed. R. Civ. P. 12(f). The inclusion of the confidential settlement negotiations is impertinent and immaterial. *See Askan*, 2023 WL 4101351, at *5 n.4 (noting "the strong policy interest in keeping the contents of settlement negotiations confidential."). As Defendant notes, direct infringement is a strict-liability offense and the infringer's state of mind is irrelevant. *Commil*, 575 U.S. at 639 (2015) (citation omitted). On this record, there simply does not appear to be any material, valid reason to include descriptions of the settlement negotiations in the pleadings. Plaintiff's central argument in opposition to granting the motion to strike appears to be that the settlement negotiations were done in bad faith. In support, Plaintiff cites authority for the proposition that settlement negotiations may be admissible at trial for some purposes under Rule 408. While true, there is no indication from the record before the Court that the description of the settlement discussions set forth in the pleading are relevant to Plaintiff's claims or admissible to prove those claims. But to be clear, a finding that descriptions of the settlement discussions be stricken from the pleadings at this juncture does not foreclose Plaintiff's ability to use that information at trial if such use is compliant with Rule 408 and other applicable law—and the undersigned's decision here should not be taken as an attempt to make an evidentiary ruling at a trial or some later stage in the case. The fact remains, though, that on this record the descriptions of the settlement discussions in the Complaint (and the related pleadings and documents) is immaterial and impertinent[3] and, as such, the Court may exercise its discretion to strike the allegations concerning those discussions.

---

[3] The inclusion is also impertinent because it was done in violation of the Local Rules of this Court; rules that Plaintiff has repeatedly violated in this and the two prior cases.

### V. Conclusion

For the reasons stated above, the undersigned recommends that the Motion (Doc. 47) be **GRANTED**, that the Amended Complaint (Doc. 42) be **DISMISSED**,[4] and that paragraphs 77-82, 84, 89-90, 92-98, and 105-106 of the Amended Complaint (Doc. 42) be **STRICKEN**.[5]

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 6, 2023.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned notes that Plaintiff requests dismissal of the Complaint "in its entirety" but does not specify whether that request for dismissal is with or without prejudice (or leave to amend). Doc. 47 at 21. In the absence any explicit request, briefing, or argument before the undersigned on this issue, this recommendation is for a dismissal without prejudice. *But see Askan v. Faro*, 6:18-cv-1122-PGB-DCI at Doc. 103 (M.D. Fla. March 11, 2019) (after an objection to a Report and Recommendation, finding that dismissal should be with prejudice).

[5] While the undersigned agrees that all the offending portions of the original pleading, the operative Complaint, and the proposed pleading should be removed from the public docket (*see* Doc. 47 at 21), there are several ways that the Court could practically accomplish this within its discretion. For example, those documents are currently sealed and could remain sealed; or they could be deleted by the Clerk; or Plaintiff could be directed to file redacted versions of one or more of those documents.