# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLDAS ASKAN,**

**Plaintiff,**

**v.**                                                      **Case No: 6:23-cv-920-PGB-DCI**

**FARO TECHNOLOGIES, INC.,**

**Defendant.**

_____

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **FARO's Motion to Seal Askan's Improper Filing (Doc. 75)** |
| **FILED:** | **September 25, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.    Background

FARO Technologies, Inc. (Defendant) seeks to seal two filings submitted by Plaintiff: (1) Plaintiff's Response in Opposition to Defendant's Motion for Limited Leave to File a Motion During the Stay (Doc. 70) and (2) Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint (Doc. 56). *See* Doc. 75 (the Motion). Plaintiff filed a Response in Opposition to the Motion (Doc. 80). The Motion is due to be granted.

## II.    Legal Standard

Filing documents under seal with the Court is governed by Local Rule 1.11, which provides as follows:

(c) FILING UNDER SEAL IF NOT AUTHORIZED BY A STATUTE, RULE, OR ORDER. If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal:

    (1) must include in the title "Motion for Leave to File Under Seal";

    (2) must describe the item proposed for sealing;

    (3) must state the reason:
        (A) filing the item is necessary,
        (B) sealing the item is necessary, and
        (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;

    (4) must propose a duration of the seal;

    (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

    (6) must include a legal memorandum supporting the seal; but

    (7) must not include the item proposed for sealing.

Local Rule 1.11(c).  "No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted."  Local Rule 1.11(f).

## III.    Discussion

Defendant seeks to seal paragraphs 6, 8-9, and 14 of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint (Doc. 56).  Additionally, Defendant seeks to seal pages 2-3 from Plaintiff's Response in Opposition to Defendant's Motion for Limited Leave to File a Motion During the Stay (Doc. 70), specifically quoted paragraphs 77, 82, 84, 89-90, 92-98, and 105-106 of the Amended Complaint therein and the following full paragraph discussing such information.

Plaintiff's Response in Opposition to the Motion states, in full:

Plaintiff Yoldas Askan opposes defendant motion at D.E. 75 without entering text in objections to Judge Byron's flouting the rules 28 U.S.C. § 144 at Order 74,

continuing the case with known conflict of interest and unfair judicial bullying of Plaintiff Askan.

Doc. 80.

Defendant contends that the requested sealing is necessary to protect its confidential information and that the paragraphs in question contain information that is irrelevant to the present suit. In a previous Order, this Court stated that "it is unclear how the pre-suit settlement discussions are in any way relevant to this case." Doc. 54 at 3.

Defendant has complied with the requirements of Local Rule 1.11(c) and has demonstrated an adequate reason for sealing the relevant documents. Absent an argument from Plaintiff to the contrary, the Court agrees that sealing the documents is necessary to protect Defendant's confidential information. For the foregoing reasons, Defendant's Motion (Doc. 75) is due to be granted.

### IV.    Conclusion

Accordingly, it is **ORDERED** that the Motion to Seal (Doc. 75) is **GRANTED** such that:

1) The Clerk is directed to place Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint (Doc. 56) under **SEAL**;

   a. The document shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted. *See* Local Rule 1.11(f); and

   b. The Clerk shall file the redacted version of the Response (Doc. 75-1) as a standalone docket entry; and

2) The Clerk is directed to place Plaintiff's Response in Opposition to Defendant's Motion for Limited Leave to File a Motion During the Stay (Doc. 70) under **SEAL**;

   a. The document shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted. *See* Local Rule 1.11(f); and

    b.  The Clerk shall file the redacted version of the Response (Doc. 75-2) as a

       standalone docket entry.

    **ORDERED** in Orlando, Florida on November 28, 2023.

Copies furnished to:

Counsel of Record
Unrepresented Parties

                        DANIEL C. IRICK
                        UNITED STATES MAGISTRATE JUDGE