# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLDAS ASKAN,**

        **Plaintiff,**

**v.**                                         **Case No: 6:23-cv-920-PGB-DCI**

**FARO TECHNOLOGIES, INC.,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant's Consolidated Motion to Dismiss the Amended Complaint (Doc. 42) and to Strike. (Doc. 47 (the **"Motion"**)). Plaintiff filed a Response in Opposition (Doc. 56), and Magistrate Judge Daniel C. Irick issued a Report recommending that this Court grant Defendant's Motion. (Doc. 79 (the **"Report"**)). Plaintiff timely filed his objections. (Doc. 83 (the "**Objection**")). The Defendant filed an Amended Response (Doc. 85), and Plaintiff filed a Reply (Doc. 88).[1] Upon consideration, the Court finds the Report is due to be adopted and confirmed, and Defendant's Motion is due to be granted.

---

[1] The Court notes that Magistrate Judge Irick granted Plaintiff's Motion for Leave to File a Reply to Defendant's Amended Response. (Doc. 87).

## I. BACKGROUND

The procedural and factual background as set forth in the Report are hereby adopted and made a part of this Order. (*See* Doc. 79, pp. 1–2).

## II. STANDARDS OF REVIEW

### A. Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B. Motion to Dismiss

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted). To survive a Rule 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege facts sufficient to place "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) ("Allegations of direct infringement are subject to the pleading standards established by [*Twombly* and *Iqbal*].").

### C. Motion to Strike

The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Striking a pleading is a

drastic remedy that is generally disfavored by courts. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). As such, motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

### III. DISCUSSION

#### A. Motion to Dismiss

Plaintiff brings patent infringement claims against Defendant and identifies four products that allegedly infringe the patents: ""FARO Sphere," "Focus Premium Laser Scanner," "Focus Core Laser Scanner," and "Stream."" (Doc. 42, ¶ 186). Magistrate Judge Irick correctly found that Plaintiff's infringement allegations are conclusory, and thus, insufficient to support claims for direct, indirect, and contributory infringement. (Doc. 79, at 4–5). While a "plaintiff is not required to plead infringement on an element-by-element basis," the *Iqbal/Twombly* standard still applies. *See E-Z Dock, Inc., v. Snap Dock, LLC*, No. 2:21-cv-450, 2021 WL 5015533, at *1 (M.D. Fla. Oct. 28, 2021). As such, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Magistrate Judge Irick found, and the Court concurs, that Plaintiff fails to describe how any of the products infringe upon any element of a claim. (Doc. 79, pp. 5–6). Therefore, the Amended

Complaint fails to provide Defendant fair notice of what activity constitutes infringement. (*Id.*; *see* Doc. 42).

Plaintiff objects to the Report and contends paragraphs 16, 17, 29, 190 and 191, and the figures inserted after paragraphs 16, 17, and 29, are sufficient to plead infringement.[2] (Doc. 83, p. 7). The Court has independently examined the Amended Complaint and concurs with Magistrate Judge Irick's finding that Plaintiff's conclusory assertions fail to identify "how any of the products infringe upon any element of a claim." (Doc. 79, p. 5). Accordingly, the Court overrules Plaintiff's objections and adopts the Report.

### B. Motion to Strike

In the Amended Complaint, Plaintiff refers to settlement negotiations, and Defendant moved to strike this material. (*See* Doc. 42; Doc. 47, p. 14). In the Report, Magistrate Judge Irick concluded that this material should be stricken. (Doc. 79, pp. 6–10). Moreover, Magistrate Judge Irick found that "[i]t appears without question that Plaintiff violated Local rule 1.11(d)," because he knew of the parties' confidentiality agreement, Defendant's objection to its disclosure, and nonetheless filed the Amended Complaint without seeking leave to seal. (*Id.* at 9). The Court has reviewed the Amended Complaint and agrees with Magistrate Judge

---

[2] The majority of Plaintiff's Objection summarizes his interpretation of the prior unsuccessful litigation and his contention that the Court is biased against him or other grievances. (Doc. 83, pp. 1–5).

Irick that the confidential information should be stricken.[3] As noted in the Report, Plaintiff may reassert prior to trial his argument that settlement negotiations may be admissible at trial under Federal Rule of Evidence 408. (*Id.* at 10). That said, the Court agrees that the settlement discussion set forth in the Amended Complaint is immaterial and impertinent, and consequently, is hereby stricken. Considering the Court grants Plaintiff leave to amend the Complaint to properly plead his infringement contentions, he is instructed not to include confidential information in the Second Amended Complaint.

**IV.   CONCLUSION**

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 83) to the Report is **OVERRULED**;
2. Magistrate Judge Irick's Report and Recommendation (Doc. 79) is **ADOPTED** and **CONFIRMED** and made a part of this Order;
3. Defendant's Consolidated Motion to Dismiss the Amended Complaint and to Strike (Doc. 47) is **GRANTED**; and
4. The Amended Complaint (Doc. 42) is **DISMISSED WITHOUT PREJUDICE**.
5. Plaintiff shall file a Second Amended Complaint, in compliance with this Order and all applicable rules and law, on or before January 12,

---

[3] The Court highlights that the pleadings including the material related to settlement negotiations shall remain under seal. (Docs. 1, 35-1, 42).

2024. Failure to do so will result in the dismissal of this action *with prejudice* without further notice.

**DONE AND ORDERED** in Orlando, Florida on December 22, 2023.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7