# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLDAS ASKAN,**

        **Plaintiff,**

v.                                                  Case No: 6:23-cv-920-PGB-DCI

**FARO TECHNOLOGIES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause is before the undersigned on referral of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. 111 (the Motion). Defendant filed the Motion on February 8, 2024. In the Motion, Defendant seeks dismissal of the Second Amended Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Doc. 111. The next day, Defendant filed an Answer and Counterclaims. Doc. 112. Accordingly, the undersigned recommends that the Motion be denied as moot.

"A defendant is not required to file an answer until [the] court disposes of the motion to dismiss." *Smith v. Bank of America, N.A.*, 2014 WL 897032, at *9 (M.D. Fla. Mar. 6, 2014) (citing *Lockwood v. Beasley*, 211 F. App'x 873 (11th Cir. 2006)). Where, as here, an Answer is filed prior to the resolution of a motion to dismiss, courts in the Eleventh Circuit have held that the motion to dismiss becomes moot. *See Jarvis v. City of Daytona* Beach, 2023 WL 4549547, at *1 (M.D. Fla. July 14, 2023) ("[Defendants'] motion to dismiss was rendered moot when they answered the complaint."); *Veltre v. Sliders Seaside Grill, Inc.*, 2016 WL 524658, at *1 (M.D. Fla. Feb. 10, 2016) ("Where, as here, an Answer was filed prior to the resolution of the motion to dismiss, the motion becomes moot."); *see also Smith v. Bank of America, N.A.*, 2014 WL 897032,

at *9 ("An Answer filed contemporaneously with the filing of a Motion to Dismiss renders the motion moot and makes it procedurally impossible for the Court to rule on the motion to dismiss.") (quotation marks omitted); *Keh v. Americus-Sumter Cty. Hosp. Auth.*, 2006 WL 871109, at *2 (M.D. Ga. Mar. 31, 2006), *aff'd sub nom. Keh v. Americus & Sumter Cty. Hosp.*, 377 F. App'x 861 (11th Cir. 2010) ("[I]t is technically impossible to challenge the sufficiency of an allegation in a complaint, as one does in a motion to dismiss, while simultaneously admitting or denying the same allegation, as one does in an answer."); *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss.").

Accordingly, because Defendant filed an Answer after filing the Rule 12(b)(6) Motion, the undersigned recommends that the Motion (Doc. 111) be **DENIED as moot**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 27, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy