# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**YOLDAS ASKAN,**

        **Plaintiff,**

v.                                                          Case No: 6:23-cv-920-PGB-DCI

**FARO TECHNOLOGIES, INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** FARO's Motion to Seal Askan's Improper Filing (Doc. 115)
>
> **FILED:** February 19, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

### I. Background

FARO Technologies, Inc. (Defendant) seeks to seal two filings submitted by Plaintiff: (1) Plaintiff's Objection to a Report and Recommendation (Doc. 83) and (2) Plaintiff's Reply in relation to that objection (Doc. 88). *See* Doc. 115 (the Motion). Plaintiff filed a Response in Opposition to the Motion (Doc. 118). The Motion is due to be granted, as has a prior request. *See* Doc. 89.

### II. Legal Standard

Filing documents under seal with the Court is governed by Local Rule 1.11, which provides as follows:

> (c) FILING UNDER SEAL IF NOT AUTHORIZED BY A STATUTE, RULE, OR ORDER. If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal:
>
> (1) must include in the title "Motion for Leave to File Under Seal";
>
> (2) must describe the item proposed for sealing;
>
> (3) must state the reason:
> (A) filing the item is necessary,
> (B) sealing the item is necessary, and
> (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
>
> (4) must propose a duration of the seal;
>
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
> (6) must include a legal memorandum supporting the seal; but
>
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c). "No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted." Local Rule 1.11(f).

### III. Discussion

In effect, Defendant seeks to seal certain paragraphs in Plaintiff's filings for the same reasons the Court previously sealed portions of other filings by Plaintiff—Plaintiff's filing of confidential settlement information violated Local Rule 1.11(d). Defendant contends that the requested sealing is necessary to protect its confidential information and that the paragraphs at issue in the Motion contain information that is irrelevant to the present suit. In a previous Order, this Court stated that "it is unclear how the pre-suit settlement discussions are in any way relevant to this case." Doc. 54 at 3. More recently, the Court found that Defendant demonstrated an adequate reason for sealing the relevant documents and that sealing the documents is necessary to protect Defendant's confidential information. Doc. 89. For the foregoing reasons, Defendant's

Motion (Doc. 115) is due to be granted. Plaintiff's arguments to the contrary are unavailing, especially given the prior orders concerning similar filings by Plaintiff.

### IV. Conclusion

Accordingly, it is **ORDERED** that the Motion to Seal (Doc. 115) is **GRANTED** such that:

1) The Clerk is directed to place Plaintiff's Objection (Doc. 83) under **SEAL**;

   a. The document shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted. *See* Local Rule 1.11(f); and

   b. The Clerk shall file the redacted version of the Objection (Doc. 115-1) as a standalone docket entry; and

2) The Clerk is directed to place Plaintiff's Reply (Doc. 88) under **SEAL**;

   a. The document shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted. *See* Local Rule 1.11(f); and

   b. The Clerk shall file the redacted version of the Response (Doc. 115-2) as a standalone docket entry.

**ORDERED** in Orlando, Florida on April 22, 2024.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE