## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**YOLDAS ASKAN,**

                **Plaintiff,**

**v.**                                        **Case No: 6:23-cv-920-PGB-DCI**

**FARO TECHNOLOGIES, INC.,**

                **Defendant.**

_____/

### <u>ORDER</u>

This cause comes before the Court on the following filings:

1.     Defendant Faro Technologies, Inc.'s ("**FARO**") Motion to Dismiss the Second Amended Complaint (Doc. 111 (the "**Motion to Dismiss**")); and

2.     Plaintiff Yoldas Askan's ("**Askan**") Motion to Strike D.E. 111 Motion to Dismiss the Second Amended Complaint (Doc. 147 (the "**Motion to Strike**"), and FARO's response thereto (Doc. 152).

Upon consideration, Askan's Motion to Strike is denied, and FARO's Motion to Dismiss is granted. Consequently, the Second Amended Complaint is dismissed with prejudice.

## I.      BACKGROUND

On May 18, 2023, Askan sued FARO for the third time for allegedly infringing his patents[1]: U.S. Patent Nos. 9,300,841 ("**'841 patent**") and 10,032,255 ("**'255 patent**"). (Doc. 1, ¶¶ 61, 175–214). Askan amended his complaint once before FARO answered and again alleged FARO infringed the '841 and '255 patents. (Doc. 42 (the "**First Amended Complaint**")). Askan claims direct infringement, infringement by equivalents, and inducement of infringement. (*Id.* ¶¶ 226–265). FARO moved to dismiss the First Amended Complaint, arguing that despite two prior failed lawsuits alleging FARO infringed the '841 and '255 patents, the First Amended Complaint was ripe with conclusory allegations directed at the "FARO Sphere," "Focus Premium Laser Scanner," "Focus Core Laser Scanner," and "Stream" (collectively the "**Accused Products**"). (Doc. 47, pp. 1–2). FARO charged that Askan failed to connect the Accused Products, or any of their components, to the limitations of any claim of the asserted patents. (*Id.* at p. 2).

Askan responded to FARO's motion to dismiss (Doc. 56), and the Magistrate Judge issued a Report recommending FARO's motion to dismiss be granted. (Doc. 79 (the "**Report**")). Upon review, the undersigned adopted and confirmed the

---

[1] Askan previously initiated two cases before this Court: *Askan v. FARO Techs., Inc*., No. 6:18-cv-1122-PGB-DCI (M.D. Fla. June 21, 2018), and *Askan v. FARO Techs., Inc*., No. 6:21-cv-1366-PGB-DCI (M.D. Fla. Apr. 22, 2021).  In the two prior cases, the Court dismissed Askan's claims with prejudice, and the Federal Circuit affirmed both rulings. *Askan v. FARO Techs., Inc*., 809 F. App'x 880, 883–84 (Fed. Cir. 2020); *Askan v. FARO Techs., Inc*., No. 2022-2117, 2023 WL 4101351, at *1 (Fed. Cir. June 21, 2023).

Report and granted FARO's motion to dismiss the First Amended Complaint. (Doc. 98). The undersigned agreed that Askan failed to describe how any of the Accused Products infringe on any element of a claim. (*Id.* at p. 4). The Court dismissed the First Amended Complaint without prejudice. (*Id.* at p. 6). In conformity with the Order, Askan filed his Second Amended Complaint. (Doc. 101 (the "**Second Amended Complaint**")). FARO moved to dismiss the Second Amended Complaint, arguing that once again Askan had failed to "connect any of the Accused Products to any limitation of any claim of the '841 Patent."[2] (Doc. 111, pp. 2, 8–25). Rather than respond to the Motion to Dismiss, Askan elected to file a Motion to Strike FARO's Motion to Dismiss. (Doc. 147).

The substance of Askan's Motion to Strike is that "Plaintiff addressed all of the concerns raised by the defendant at D.E. 111 in the Infringement Contentions dated April 15, Exhibit 1." (*Id.* ¶ 11). And "[a]s the defendant's filing D.E. 111 to dismissed [sic] the case heavily depended on Infringement Contentions, which were addressed in completeness on April 15, 2024, defendant's motion D.E. 111 must be rendered stale and moot and the court ought to disregard it." (*Id.* ¶ 12). That is, Askan argues the infringement contentions attached to his Motion to

---

[2]   FARO delves into why the Second Amended Complaint recites no limitation of any claim of the '841 Patent to any structure or functionality of any Accused Product. (Doc. 111, p. 8). FARO asserts that the Second Amended Complaint does not attempt to correlate limitations in the '841 Patent with limitations in the '255 Patent or argue that factual allegations made to support claim 1 of the '255 Patent would also support claim 1 of the '841 Patent. (*Id.*). FARO also contends that infringement of the '255 Patent is impossible, not merely implausible. (*Id.* at pp. 11–20). Finally, FARO submits that Askan's assertion that the Accused Products infringe his patents lacks comparison of any element of the Accused Products to any limitation of any claim 1 of either Asserted Patent. (*Id.* at pp. 21–25).

Strike render FARO's Motion to Dismiss moot. Askan fails to articulate how the infringement contentions, even if properly before the Court, rebut the arguments advanced by FARO in its Motion to Dismiss.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist*., 992 F.2d 1171, 1174 (11th Cir. 1993).

To survive a Rule 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege facts sufficient to place "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1284 (Fed. Cir. 2013);

*see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) ("Allegations of direct infringement are subject to the pleading standards established by [*Twombly* and *Iqbal*].").

### B.    Motion to Strike

The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Striking a pleading is a drastic remedy that is generally disfavored by courts. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962)[3]; *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). As a result, motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

### C.    *Pro Se* Pleadings

The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

---

[3]    *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

## III.   DISCUSSION

Taking the issues in reverse order, Askan's Motion to Strike FARO's Motion to Dismiss is denied. As noted above, a motion to strike does not replace a response to a motion to dismiss. Moreover, a motion to strike is limited to eliminating redundant, immaterial, impertinent, or scandalous matter from a pleading. *See* FED. R. CIV. P. 12(f). Askan should know this, because the Court had granted FARO's Motion to Strike certain confidential settlement information from the pleadings. (Doc. 79, pp. 7–10; Doc. 98). Thus, Askan's Motion to Strike FARO's Motion to Dismiss is denied.

Turning now to FARO's Motion to Dismiss: FARO argues, correctly, that Askan's infringement contentions, even if submitted in connection with a response to the Motion to Dismiss, may not be considered in ruling on the adequacy of the Second Amended Complaint. (Doc. 152, pp. 3–4). The Court had advised Askan that documents, such as a claims chart or infringement contentions, may not be relied on to flesh out the complaint in responding to a motion to dismiss.[4] *See Nev. Select Royalty, Inc. v. Jerritt Canyon Gold LLC*, 2023 WL 4406302, at *5 (D. Nev. 2023) (explaining that "[w]hile the Court's Local Patent Rules do allow [a party] to provide more details at a later stage, they do not permit [that party] to completely

---

[4]   The Court cautioned Askan when granting FARO's Motion to Dismiss the First Amended Complaint that "[a] court's review on a motion to dismiss is limited to the four corners of the complaint." (Doc. 79, p. 5 n.1 (citing *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). The caution was directed at Askan's reliance on a "claims chart" which he attached to his response and which he asserted "alleviate[d] any alleged deficiencies in the Complaint." (*Id.*).

bypass the *Iqbal* and *Twombly* pleading standard"); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016) (rejecting the argument that infringement contentions attached to a motion to dismiss response "should eliminate any questions" and explaining that "after-the-fact disclosures cannot be used to supplement the pleadings and meet the *Iqbal*/*Twombly* standard").

As FARO notes in its response to Askan's Motion to Strike, the Second Amended Complaint was filed on January 12, 2024, and the infringement contentions were filed April 14, 2024. (Doc. 101; Doc. 147–1). Askan fails to articulate good cause for failing to incorporate the information outlined in the infringement contentions into the Second Amended Complaint. In summary, Askan's Motion to Strike is not an appropriate mechanism through which the Court may set aside, or strike, a motion to dismiss. Similarly, a motion to strike is not a substitute for a response to a motion to dismiss. Askan's failure to respond to FARO's Motion to Dismiss leaves the motion unopposed. And even if the Court were to construe the Motion to Strike as a response to FARO's Motion to Dismiss and were to consider matters outside the Second Amended Complaint, Askan failed to articulate how the infringement contentions clarify the deficiencies in the Second Amended Complaint as stated in FARO's Motion to Dismiss. *See Resol. Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (explaining "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment" and that, "[r]ather, the onus is upon the parties to formulate arguments").

Askan has had ample opportunities to properly frame his infringement allegations and has been cautioned that general assertions and conclusory statements are not enough. FARO asserts in its Motion to Dismiss the Second Amended Complaint that Askan has again failed to explain how the Accused Products infringe the patents-in-suit. Rather than responding to FARO's Motion to Dismiss, Askan chose to file a baseless Motion to Strike accompanied by infringement contentions—after the Court cautioned that extraneous material will not be considered in ruling on a motion to dismiss. The Court is mindful that Askan is proceeding *pro se*, but the Court is also aware of the lengthy history of frivolous litigation initiated by Askan against FARO. For these reasons, the Court will not provide Askan a fourth opportunity to plead his case.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Faro Technologies, Inc.'s Motion to Dismiss the Second Amended Complaint (Doc. 111) is **GRANTED**.

2. Plaintiff Yoldas Askan's Motion to Strike D.E. 111 Motion to Dismiss the Second Amended Complaint (Doc. 147) is **DENIED**.

3. The Second Amended Complaint (Doc. 101) is **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Faro Technologies, Inc. and against Plaintiff Yoldas Askan, to terminate any pending motions, and to thereafter close the file.

5.      The Court will retain jurisdiction to entertain an application for

attorney's fees and costs.

**DONE AND ORDERED** in Orlando, Florida on June 26, 2024.



PAUL G. BYRON
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties