UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YOLDAS ASKAN,**

    **Plaintiff,**

v.            Case No: 6:23-cv-920-PGB-DCI

**FARO TECHNOLOGIES, INC.,**

    **Defendant.**

_____/

## ORDER

This cause is before the Court on Plaintiff Yoldas Askan's ("**Askan**") Motion for Relief from Order at Doc 173 Under Federal Rule of Civil Procedure 60(a) and (b), which the Court construes as a motion for reconsideration. (Doc. 177 (the "**Motion**")). Defendant Faro Technologies, Inc. ("**FARO**") submitted a response in opposition, and the matter is now ripe for review. (Doc. 180). Upon consideration, the Motion is due to be granted consistent with the directives of this Order.

**I. BACKGROUND**

After Askan filed his Second Amended Complaint (Doc. 101), FARO moved to dismiss on the basis that Askan failed to include sufficient allegations to plausibly show an Accused Product infringed an asserted patent. (Doc. 111, pp. 7–8 (the "**Motion to Dismiss**")). In ruling on the Motion to Dismiss, the Court failed to discern from the docket that Askan submitted a response in opposition

(Doc. 116 (the "**Response**")) to FARO's Motion to Dismiss, or that FARO filed a reply (Doc. 131 (the "**Reply**")). Instead, the Court focused on Askan's Motion to Strike FARO's Motion to Dismiss (Doc. 147) and FARO's response thereto (Doc. 152). As a result, in its Order granting FARO's Motion to Dismiss, the Court incorrectly observed that Askan failed to respond to FARO's Motion to Dismiss. (Doc. 173 (the "**Order**")).

## II.  LEGAL STANDARD

Reconsideration is an extraordinary remedy which will be granted only upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). The clear error prong of the analysis is satisfied here.

## III.  DISCUSSION

As the Court discussed in its Order, Askan sued FARO alleging FARO infringed two of his patents: U.S. Patent Nos. 9,300,841 ("**841 patent**") and 10,032,255 ("**255 patent**"). (Doc. 173, p. 2 (quoting Doc. 1, ¶¶ 61, 175–214)). Askan amended the complaint before FARO answered and alleged direct infringement, infringement by equivalents, and inducement of infringement. (Doc. 42, ¶¶ 226–65 (the "**First Amended Complaint**")). FARO then moved to dismiss the First Amended Complaint on grounds that Askan failed to connect the Accused Products, or their components, to the limitations of any claim of the

2

asserted patents. (Doc. 47, p. 2). Askan responded to the motion to dismiss (Doc. 56), and the Magistrate Judge issued a Report and Recommendation, which found the motion to dismiss should be granted. (Doc. 79).

In adopting the Magistrate Judge's Report and Recommendation, the Court noted that "[t]o survive a Rule 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege facts sufficient to place 'a potential infringer . . . on notice of what activity or device is being accused of infringement.'" (Doc. 98, p. 3 (first citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); and then citing *Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) ("Allegations of direct infringement are subject to the pleading standards established by [*Twombly* and *Iqbal*]."))). The same analysis applies to Askan's Second Amended Complaint.

Despite Askan's Response to FARO's Motion to Dismiss, the fact remains that Askan's infringement contentions—even if they had been submitted with his Response—may not be considered in ruling on the adequacy of the Second Amended Complaint. (Doc. 116); *see Nev. Select Royalty, Inc. v. Jerritt Canyon Gold LLC*, 2023 WL 4406302, at *5 (D. Nev. 2023) (explaining that "[w]hile the Court's Local Patent Rules do allow [a party] to provided more details at a later stage, they do not permit [that party] to completely bypass the *Iqbal* and *Twombly* pleading standard"); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1004, 1011 (D.N.J. 2016) (holding that infringement contentions attached to a response to a motion to dismiss cannot be used to supplement the pleading and meet the

*Iqbal/Twombly* standard). And the Court cautioned Askan when it dismissed the First Amended Complaint that "'[a] court's review on a motion to dismiss is limited to the four corners of the complaint.'" (Doc. 79, p. 5 n.1 (citing *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009))). Despite the Court's admonition, the Second Amended Complaint fails to identify how the Accused Products infringe any claim of the two patents at issue. (Doc. 101).

In his Response to FARO's Motion to Dismiss, Askan states that the '225 patent "discloses a 'system' for generating a processed point cloud data," referencing a claim chart. (Doc. 116, p. 5 (citing Doc. 101–1)). Yet, Askan fails to articulate how any Accused Product infringes any claim of the '255 patent. (*See id.*). In fact, Askan freely admits that to establish a plausible claim, he "must take apart defendant's product, and perform above-mentioned reverse engineering." (*Id.* at p. 9). As for the '841 patent, Askan requests that FARO disclose the accused source code responsible for point cloud data smoothing because it is not feasible to use publicly available data to construct his infringement theory. (*Id.* at p. 11). Put another way, Askan cannot state a claim for relief.

In its Reply, FARO submits that Askan's request to conduct discovery, including access to highly confidential source code, to hopefully properly plead infringement claims in a third amended complaint is improper. (Doc. 131, pp. 1–2). The Court agrees with FARO that "courts do not allow cases 'to proceed based on assumptions,'. . . because doing so 'would impermissibly lower the pleading standard such that any patent holder can pursue claims, and force a defendant to

4

incur the time and costs of litigation, simply because another product resembles its own.'" (*Id.* (citing *Datawidget LLC v. The Rocket Science Grp. LLC*, 2022 WL 671527, at *2–3 (N.D. Ga. Mar. 7, 2022) (granting motion to dismiss even though plaintiff lacked knowledge of how the accused product operated and stating that "[t]his does not mean that [plaintiff] is entitled to discovery to determine whether it has a claim in the first place"))).

Askan's desire to put the cart before the horse by requiring FARO to disclose confidential source code before a cognizable claim is laid out is seen in Askan's response concerning the *pro hac vice* admission of Mr. Ashley Summer:

> Once the accused source code is disclosed to Plaintiff and an expert witness, it will become clear to Plaintiff whether there is infringement or not. If there is a proof of infringement, Plaintiff can hire a solicitor on contingency basis with a smaller down payment and less risk for the attorney. If there is no infringement then Plaintiff can ask the Court to close the case and save tens of thousands of Dollars in attorneys fees paid by the hour, which the Plaintiff at present cannot afford.

(Doc. 153, p. 2).

This statement by Askan sums up the issue. The Second Amended Complaint fails to articulate how the Accused Product(s) infringe any claim(s) of the '255 or the '841 patents. (*See* Doc. 101). As a result, Askan seeks discovery, including confidential source code, to determine whether infringement has occurred. The allegations outlined in the Second Amended Complaint must be viewed on the four corners of the document, and here, as before, Askan fails to allege a plausible case for infringement. The Court declines Askan's invitation to compel FARO to incur

5

expense and to disclose proprietary information on the mere possibility that an infringement claim may be discovered.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Yoldas Askan's Motion for Reconsideration (Doc. 177) is **GRANTED**.

2. The Court's Order granting Defendant Faro Technologies, Inc.'s Motion to Dismiss the Second Amended Complaint with prejudice (Doc. 173) is **AFFIRMED**.

3. The Second Amended Complaint (Doc. 101) is **DISMISSED WITH PREJUDICE**.

4. The Court's entry of judgment in favor of Defendant Faro Technologies, Inc. and against Plaintiff Yoldas Askan and closing of the file is **AFFIRMED**.

5. The Court will retain jurisdiction to entertain an application for attorney's fees and costs.

**DONE AND ORDERED** in Orlando, Florida on July 17, 2024.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties